UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY A. MILLER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv67 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, supra at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since October 24, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: epilepsy; diabetes mellitus with peripheral neuropathy; obesity; coronary artery disease; spine disorder; moderately severe obstructive sleep apnea; and adjustment disorder with depressed mood/major depressive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; avoid exposure to unprotected heights; avoid concentrated exposure to dangerous or hazardous machinery meaning machinery that has exposed moving parts that are used to cut or grind and that fails to stop when human contact is lost, or machinery that has an open flame or hot surfaces that would burn someone if they fell onto them (individual could work where these types of hazards and machinery are used, but should not operate them or pass so closely to them that they could fall into them); should not drive motor vehicles or have his work station in an area where motor vehicles are used (e.g. shipping warehouse where motor vehicles come and go and the worker loads or unloads inventory); avoid concentrated exposure to vibrations, meaning he cannot work a job that requires working on flooring that is vibrating or requires working with or in close proximity to tools that are vibrating such as an electrical drill or moving machinery that cause concentrated vibration; and is limited to frequent bilateral fingering and handling. The claimant can understand, remember, and carry out rote or routine instructions or tasks that require the exercise of little independent judgment or decision-making and can be learned from a short demonstration up to 30 days; cannot make judgments or decisions for more complex or detailed types of tasks, such as analyzing compiled data, directing or planning others' activities, supervising employees, or performing tasks that vary from day to day and require new learning on an unpredictable basis; must work in a stable setting where there is little change in terms of tools used, the processes employed, or the setting itself, and change, where necessary, is introduced gradually; and while all competitive employment has production requirements, should not work in an environment that is stringently production or quota-based, and thus may not perform fast-paced assembly line work, but can meet production requirements that allow him to

sustain a flexible and goal oriented pace.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 30, 1967 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 24, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 21- 34).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on August 22, 2017. On September 29, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-

91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff's date last insured is December 31, 2017. Born in 1967, Plaintiff was 45 years old as of the alleged onset date. Plaintiff has at least a high school education. In the 15 year look back period, Plaintiff worked as a furniture rental consultant [light per Dictionary of Occupational Titles (DOT) heavy as performed SVP-2], a fast food manager (light per DOT medium as performed, SVP-5), a heat treat puller (medium per DOT medium as performed, SVP-2), and a press operator (light per DOT medium as performed, SVP-2).

As noted above, the ALJ found that Plaintiff suffered from the following severe impairments: epilepsy, diabetes with peripheral neuropathy, coronary artery disease, obesity, moderately severe obstructive sleep apnea, spine disorder, and major depressive disorder/adjustment disorder with depressed mood.

Plaintiff claims he has also had the following impairments and procedures: right ankle stabilization; right ankle fracture with open reduction and internal fixation; right knee arthroscopy

and partial medial meniscectomy; flexor tenosynovitis left index finger; hernia repair; and diverticulosis of sigmoid colon.

In support of remand or reversal, Plaintiff argues that the ALJ erred by failing to give controlling weight to the orthopedic surgeon's opinion.

On October 24, 2013, Plaintiff's alleged onset date, Plaintiff saw Dr. Shugart of Fort Wayne Orthopedics, L.L.C., for a Worker's Compensation evaluation (Tr. 26, 197-198, 349-351). Dr. Shugart assessed the following permanent restrictions: no lifting over ten pounds; no bending, twisting, or stretching; occasional climbing of stairs and ladders; no kneeling; no squatting; no pushing or pulling over fifteen pounds; and a sit/stand option (Tr. 26, 349, 351).

Due to Dr. Shugart's restriction limiting Plaintiff to no lifting over ten pounds, the ALJ limited Plaintiff to performing a reduced range of sedentary work (Tr. 24, 349). 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."). The Commissioner points out that due to Dr. Shugart's restriction limiting Plaintiff to no pushing or pulling over fifteen pounds, the ALJ found that Plaintiff had the RFC to perform a reduced range of sedentary work (Tr. 24, 351). S.S.R. 96-9p ("Limitations or restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base.") Moreover, the ALJ specifically explained that the limitation to sedentary work was supported by Dr. Shugart's opinion (Tr. 32-33).

A review of the record reveals that the limitations contained in the ALJ's RFC analysis exceeded the number and scope of limitations found by Dr. Shugart. The RFC is extremely detailed and specifically addresses Plaintiff's balancing, crawling, exposure to machinery, and

6

driving, among many other limitations (Tr. 24, 351). With regard to Plaintiff's climbing, the ALJ limited Plaintiff beyond the restrictions found by Dr. Shugart (Tr. 24, 351). Whereas Dr. Shugart limited Plaintiff to occasionally climbing of stairs and ladders, the ALJ limited Plaintiff to occasionally climbing ramps and stairs, but never climbing ladders, ropes, or scaffolds (Tr. 24, 351).

It is clear from the record that the ALJ substantially followed Dr. Shugart's findings in formulating the RFC. In addition to twice stating that the limitation to the sedentary exertional level was consistent with Dr. Shugart's opinion (Tr. 32-33), the ALJ explained that the Third Party Function Report of Rebecca Easterday received "no weight" because it was not consistent with the opinion of Dr. Shugart and other medical evidence (Tr. 33).

Plaintiff argues that if the ALJ had included all of Dr. Shugart's limitations in the RFC, it "could very well have tipped the scales towards disability" (Plaintiff's Brief at 13). However, as the Commissioner points out, Plaintiff offers neither support from the record nor legal authority for this speculative assertion. Plaintiff argues that Dr. Shugart limited Plaintiff to no kneeling, but the ALJ found that Plaintiff could occasionally kneel (Tr. 24, 351) However, Plaintiff has not disputed that kneeling is not usually required in sedentary work. Thus, there is no evidence that a more restrictive limitation for kneeling would have changed the outcome in this case. S.S.R. 96-9p. Plaintiff also cites Dr. Shugart's sit/stand option. However, Dr. Shugart did not provide a specific instruction regarding this limitation, only that Plaintiff was to alternate "as tolerated". Plaintiff has not explained how including an unspecified sit/stand option in the RFC would have changed the outcome of this case.

In any event, the descriptions of the occupations identified by the ALJ at step five do not

include any activities limited by Dr. Shugart (Tr. 34, 351). For example, squatting, twisting, and stretching are not activities required of an addresser (DOT No. 209.587-010), an eyeglass frames polisher (DOT No. 713.684-038), or a tube operator (DOT No. 239.687-014) (Tr. 34, 351). An addresser "[a]ddresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing[,] [and] [m]ay sort mail." DOT No. 209.587-010. An eyeglass frames polisher performs the following tasks:

> Polishes plastic eyeglass frames and temple pieces to remove scratches and pit marks, using polishing wheel: Applies abrasive compound to wheel surface, using brush. Starts machine and holds and turns frame parts against wheel to polish parts and remove defects. Inspects and feels polished parts to verify removal of flaws. Presses sandpaper against polishing wheel to remove abrasive residue in preparation for next sequence.

DOT No. 713.684-038. A tube operator "[r]eceives and routes messages through pneumatic-tube system[;] [o]pens incoming pneumatic-tube carriers containing items, such as mail correspondence, bills, and receipts[;] [r]eads and sorts items according to department[;] [i]nserts items into carriers, and carriers into tube system[;] and routes to specified locations." DOT No. 239.687-014. As Plaintiff fails to show how the additional limitations found by Dr. Shugart would have affected the outcome in this case, his argument is meritless. Moreover, the Court notes here that Plaintiff has not filed a reply countering any of the Commissioner's assertions.

As substantial evidence supports the ALJ's decision, the decision must be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: November 16, 2017.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court